22-6077, U.S. v. Lester Mr. Sandiford Good morning, my name is Dean Sandiford from the Federal Plumbers Office and I'm here for Travis Lester The main issue in this case is whether the District Court plainly erred by failing to consider Section 5G 1.3d of the Sentencing Guidelines in deciding whether to remove consecutive sentences. Our position is that the Court did plainly err and that the case should be remanded for resentencing. First, this Court's precedent plainly required the District Court to consider Section 5G 1.3d and it's plain on this record that the District Court didn't do so. The defense counsel had requested a concurrent sentence and 5G 1.3d governed the decision on that point. But there was no mention of the guideline or the factors that the guideline required the District Court to consider. And we know the District Court didn't consider the guideline factors because it didn't have or refer to the information needed to apply the factors. You're claiming that he, because nobody mentioned what the State Court sentence was, that the District Court didn't know what it was? No, that's not our claim. Our claim is that the District Court failed to consider this guideline that the District Court was requiring the District Court's precedent to consider. The fact that this information that the guideline says to require wasn't an issue in the sentencing hearing we cite as proof that the District Court didn't consider the guideline. Because the District Court couldn't have considered the guideline and the factors under the guideline without that information. So we cite that just for evidence. We're not faulting the District Court, as the government says in its brief, for failing to ask questions about the State's sentence. We're simply pointing to the fact that this material wasn't in the record and wasn't discussed in the sentencing hearing as proof that the guideline wasn't considered. You're not arguing that the District Court was necessarily required to cite the guideline specifically? No, I don't think the District Court was required to cite it specifically. But the Court was required under cases like Herlick to consider the guideline and the accompanying commentary. Well, there was discussion by the Court about the defendant's criminal history and concern about danger to others. Why wouldn't that discussion be relevant to what the guideline calls for the Court to consider? Because with the guideline, it is relevant to what the guideline says to consider. Because it says 3553A factors are one of the factors. But it also says the length of the State's sentence, how long the defendant is likely to serve on the State's sentence. That's the information that wasn't discussed. It was highly relevant to the decision whether it would have occurred. But we don't know that the District Court didn't know that. Obviously, the defendant knew what it was. Government probably knew what it was. The District Court knew that the sentencing was occurring. Could have asked his clerk to check it. That's certainly possible. But I don't think it's highly unlikely on this record. Because the length of the State's sentence was long. It was a 10-year sentence. That's true. But wasn't it likely to be a 10-year sentence since it was a 10-year suspended sentence that got revoked? No, because under Oklahoma law, when a judge revokes a suspended sentence, it can be in part. So there's no way to tell just by the initial amount of sentences imposed entirely suspended what the sentence is going to be imposed on revocation. It could be one year. It could be six months. It could be 10 years. There's no way to know. And I think that given the length of the sentence, had this been something the Court was aware of, it naturally would have come up in the discussion. Because it's one of the factors that the Guidelines says is relevant and has to be considered. But none of the defendants not raising it, so. That's true. And that's why we're all plenary. I don't think the defense counsel was aware of this Guideline. If the defense counsel had been aware of this Guideline, surely he would have cited it and made these arguments that were making an appeal. Because he didn't do that, we're on a plenary review and we're stuck with plenary. Are you so sure he would have cited it when there's commentary that seems to argue against your position? Well, I'm assuming you're referring to the kind of recommendation in the Guideline for a consecutive sentence in this circumstance. That's only a recommendation. The Guideline also says to consider these factors. And the factors were very helpful. The factors would have been very helpful if he had known about it. The length of the sentence, the time that he's likely to serve on it. These are things that might have been helpful to a request to run the sentence at least partially concurrent. Because the sentence was so long. This was a 10-year sentence in state court. He only ever served three years before. And here the federal judge was tacking on an additional 10. If the judge had known that this 10-year sentence was on top of an already imposed 10-year state sentence, it might have convinced the judge to impose at least a partially concurrent sentence in the federal case. And there's nothing in the record, nothing in the PSR or any other document that would have informed the judge of the length of this state sentence? No, because the PSR was done before the state sentencing. There was nothing subsequent then? Nothing subsequent that was filed. At the sentencing hearing, the defense lawyer, who was also the defense lawyer in the state case, says he's already been sentenced in the state case. He goes off about how the judge wanted to go ahead and get the sentencing done, so he did it. But that's it. That's the only place where it's brought up. The sentencing happened about three weeks before, it sounds like, three to four weeks before the federal sentencing. So there's nothing in the record that would have told the district court either how long the state sentence was or how long he was likely to survive, which is another one of the factors. Which, you know, in Oklahoma, they have a parole system, so that would require knowing parole eligibility. Can you draw any inferences from the fact that after defense counsel stated he was sentenced two weeks ago, can you draw any inference from the fact that the court didn't ask what the sentence was? Does that imply either that the judge knew, or the judge knew that at most it would be ten years, and if it was no more than ten years, then he was going to tack it on? I think what it suggests in the context of this record, where 5G 1.3b doesn't come up at all, is that the judge didn't know it was a relevant consideration under the guidelines. Because if the judge had been aware of the guidelines... Well, even if it's not relevant per se under the guidelines, it might be relevant to the judge in imposing sentence. Sure, and I would have thought it would be relevant to the defense attorney, too, and it just didn't come up, and I don't know why. But, you know, even if the judge somehow was aware of the sentence, and I don't think there's any evidence in the record that he was, there's other factors in this guideline, including when the defense is likely to be released. None of that is easily ascertainable just from looking at the state docket. You would have to research the statutes, know what the parole eligibility date was, know how likely it is that the defendant is likely to be paroled. This is just something that would have to be based on experience in state court, which this defense lawyer had if he had been aware of the guidelines. Counsel, there's a couple of parts of the Hurlick case I wanted to run by you on the plain error issue. Sure. One of them is there Hurlick said that the district court didn't need to make specific findings for the factors listed in the application notes. And, you know, you're referring to these factors, including the length of the state sentence, and, of course, the district court didn't speak to those factors. But even if that was an error in this case, is it plain error in light of what was said in Hurlick? So we're making two separate interrelated claims here. One is failure to consider the guideline, and one is failure to offer specific enough reasons. So the Hurlick stands for both propositions. Hurlick says you have to consider the factors. But then when you're explaining your sentence, the explanation doesn't have to track the factors. So what we're saying on the first point, that the judge didn't fail to consider the factors, I mean, the factors and the guideline, is that this guideline is nowhere in this case. Nobody talks about it. Nobody says anything that's relevant to the factors. And that's what we point to as proof that the judge didn't consider it. Well, I know you want to make both failure to consider and failure to explain. But it seemed to me in light of this that maybe your failure to consider is your stronger argument. Would you agree with that? Okay. The second thing is maybe this goes to failure to explain, too. But in Hurlick, didn't we say that the reasons given for an upward departure were sufficient explanation for a consecutive sentence? And would that go to the plain error analysis? I think on the failure to explain, it potentially would. Because if you accept the government's argument that the judge's explanation for his denial of the variance was also the reason for the consecutive sentence, that explanation was very similar to what this court said was okay in Hurlick. Now, we argue that it's plain on this record that the judge wasn't incorporating those reasons. But if you disagree with me on that, then I would concede that Hurlick would control on that point, which is totally separate from the failure to consider argument. I've got one more. It's a little different from what I've been asking you. But I can't help but think that this argument you're making sounds a little bit more like an ineffective assistance of counsel argument, in the sense that Mr. Lester's attorney should have made the court aware of the state sentence. Isn't this more appropriate for a 2255 motion? Well, I think the same is true in a lot of primary cases. I mean, in pretty much any plain error case, you're going to have the defense lawyer missing an obvious issue. So there's obviously overlap between these two doctrines. If a lawyer misses an obvious issue that's an error that's prejudicial, that would make a good IEC claim, but it also makes a good plain error claim. So there's overlap there, but it's not as if the existence of a possible IEC claim means that a plain error review claim isn't appropriate. One doesn't exclude the other. Is that what you're saying? That's what I'm saying, yes. Unless the court has further questions, I'll get back to you. Thank you. Thank you. May it please the court. Stephen Kroger on behalf of the United States. The district court properly imposed Mr. Lester's federal sentence consecutively with a state revocation sentence. I actually want to start where counsel and Judge Matheson left off, because every aspect and the reason I want to start there is every aspect of Mr. Lester's argument as to why this constitutes plain error points back not to something the district court was required to do, some obligation to the district court, but because the district court allegedly couldn't comply with what was required, because counsel didn't provide that information. This quite simply reads like a claim of ineffective assistance to counsel. Why was there error? Why does Mr. Lester claim that the district court didn't consider 521.3b? Because counsel didn't present information. Why is it plain? Because the district court didn't have information because counsel didn't present it. Why is there harm? Mr. Lester claims that there's harm because if the defense counsel had presented the information, the sentence would be different. This is quite clearly a claim of ineffective assistance to counsel. There might be a reason why counsel didn't present this information. Mr. Lester argues that 10 years might have influenced the district court to say, oh, I don't want to impose this much more punishment. But he also could have not provided it because this shows how seriously the state court viewed the infraction. But if the guidelines say the court must consider these factors, and you have defense counsel saying my client was sentenced two weeks ago, and aspects of that sentence are among the factors that must be considered, then didn't the district court have to consider the factors by just asking someone who clearly has the information? How do you get around the fact that the court was supposed to consider something and didn't, even though perhaps the defense counsel hadn't volunteered the information, but the information was readily available to the court? Well, so there are a couple of different ways. Let me start generally by saying application of 4A says that these are factors to consider. But application of 4A covers a broad plethora of cases. The more specific guideline that governs here is application of 4C. And here, in this instance, the commission specifically provided that it recommended the sentence be imposed consecutively to the replication sentence. There, and this goes into, excuse me, and with regard to what was argued previously. You think that note overrides, essentially says the other factors don't matter? If the sentence was imposed with respect to a violation of probation or civil progress release? Your Honor, I'm saying the factors could obviously be considered. And those were factors to be considered. But the commission in obligating, and all of this falls under 41.3B, which is a policy statement. So none of this was binding even before court. It's definitely not binding now. But what do you mean by not binding? So it was always presupposed that it was always 521.3B. Unlike 521.3A or C, which were guidelines, was specifically designated by the commission as a policy statement. Don't we have some Tenth Circuit authority that says that the commentary is binding, generally? Commentary in the guidelines is binding to the extent that it's not inconsistent. My point here is that unlike a normal guideline, say unlike a Chapter 2 guideline, or even unlike 521.3A, B, or C, this was specifically designated as a policy statement to give the district court flexibility. The only reason I point this out is not to say the district court shouldn't consider it. I'm not saying the district court shouldn't consider application of 4A. But one of the counsel's arguments was, well, 4C is just a recommendation. Well, 521.3A, or excuse me, 521.3B, was never a binding guideline to the extent that it was not designated as a guideline. Well, so the district court needed to decide whether the 120-month sentence would run consecutively or concurrently. Are we okay so far? Well, I would argue that at least Congress has suggested that's not the case because under 18 U.S.C. 3584A, Congress provided a benchmark for if the court simply doesn't address it. And it says, absent being worded by the court, it is to run consecutively. All right. But accepting this, the court has to address it. Well, I guess where I'm going with this is it seems to me highly relevant in making that determination for the court to consider what the state sentence was. I mean, if it was six months, that's one thing. But here it's ten years, so we're talking about ten years on top of ten years. And where is there any indication in the record that there was any meaningful consideration of what it meant to run a consecutive sentence? I mean, it just strikes me that if this went back to the district judge and everyone is fully informed of the ten-year state sentence, are we really going to get another 120 months on top of that? Your Honor, Judge Matheson, I think that is quite possible. Well, even if it's possible, how can we say that the court gave any meaningful consideration to that question when there's nothing in the record to show that he was aware of the ten-year state sentence? Your Honor, reversing the on-plane error in this case based on that reasoning is to impose upon the district court the obligation to go out and do fact-finding. Well, the provision says that. It's supposed to consider the time served on the on-discharge sentence and the time likely to be served before release. I mean, we wouldn't be imposing that obligation. This provision in the commentary imposes that obligation. So, first of all, assuming the commentary application of 4C can be ignored because you're saying we have to look at 4A to provide the government commentary where 4C is the specific situation, the question still comes down to how does the district court get this information? Well, he asked for it. He says, how long is the sentence? How long is the state court sentence? How hard is that? Well, Your Honor, first of all, I would suggest that Mr. Lester just this morning explicitly waived that the district court was under any claim that the district court was obligated to ask any question. But if this is the case, then you're imposing upon the district court the obligation to do defense counsel's job for him. If this had happened six months earlier, he had been revoked and sentenced to the 10-year six months earlier, wouldn't the probation office have an obligation to include that in the PSR? Wouldn't that be absolutely part of the PSR? I think it would generally be included. So, information that needs to be included in the PSR doesn't need to be included if information arises between the time of the PSR and the sentencing hearing? Is that what you're saying? I'm saying that the obligation to present evidence for a district court to apply the law to is the obligation of counsel, not the obligation of the court. So, for example, say there was some mitigating piece of evidence that the defense counsel knew, or just some piece of evidence that was relevant to the 3553A factor. Can defense counsel on appeal, on direct appeal, come up and say, the district court did not consider the 3553A factors because counsel knew this fact but didn't present it to the district court? I would suggest that if this court holds that, that's what this court would at least be suggesting in this case. Why would that be so in the face of the guideline commentary? I mean, the court wouldn't be saying anything that the holding wouldn't be. Anything that the district court didn't know or should have known has to come from the defendant. That is way over broad. What we're really talking about here is a guideline commentary that says, you need to know what the undischarged sentence is. And maybe defense counsel should have said something, but is that the end of the matter? Well, Your Honor, so in talking about plenary, the sole plaintiff case or the main case that Mr. Lester relies upon is Hurlip. And Hurlip doesn't discuss the length of the sentence. Hurlip doesn't discuss anything about the underlying sentence. Hurlip looks at, honestly, the district court in Hurlip simply cited, I believe, three of the 3553A factors. It didn't say anything about the specifics of the case. Well, okay, so you've moved to – I understand you're arguing about plain error, but do we have error then? I would submit no, we don't, because I would submit that the guideline itself, 531.3d, says the court can impose a sentence term consecutively, concurrently, or partially consecutively, to further the rules of sentence, to the extent necessary for it to achieve justice, or something along those lines. And the district court explaining the sentence that it imposed, denying the variance, explaining that it was cognizant of the requirement, and that it weighed heavily on its decision to impose such a sentence. Now, to use the parsimony principle from 3553A, but the parsimony principle from 3553A, and what the guideline itself says, are equivalent. They're essentially functionally the same thing. And so when you then get into the application notes, and this is something that Mr. Lester runs away from time and time again, and doesn't mention, gives one passing reference, I think, in his reply brief, is application note 4C, which sets out the specifics. And so was the district court aware? The district court could have been aware of application note 4C, that says, we recommend that you impose the sentence consecutively. And this court has said, in cases like Benally, that there is no need for magic words or ritualistic incantations. The court doesn't have to say 521.3. I think earlier, probably, in Judge Nathanson, you described it as part of this, said, the court doesn't require you to make specific findings for the factors listed in the application notes. Well, I think Mr. Sanford explained that. That may relate to his failure to explain argument, but doesn't necessarily address the failure to consider. And I'm looking at a recent case, U.S. v. Babcock decided last year, where we cite the Supreme Court, and quote the Supreme Court, saying that commentary in the guidelines manual that interprets or explains a guideline is authoritative, unless it violates the Constitution or a federal statute, or is inconsistent with or plainly erroneous reading of that guideline. So why wouldn't that impose an obligation, at least to consider what the underlying state sentence was, on the district judge? And if the district court had the information? So, again, this might be a trigonometric approach, but you ask what does it require that the district court consider that information, if I understood the question correctly. And part of that, in this case, is the fact that the defendant simply didn't provide that information. And so the question really that comes down to, is the district court required to sui sponte go out and get that information on its own? Well, I think I see your chicken and egg point, but I guess I'm still fixed on the word consider. How can there be consideration when you don't have what you need to have consideration? Well, anyway, so I think if I can circle back to the question you asked before that, because I have a second part that might help inform, and that's this court shouldn't elevate the general application note 4A above the more specific application note 4C. And so if in considering this, if in considering the authoritative application notes and the guidelines, this court should start with more specific and say there's a presumption that the court should impose a sentence consecutively. Now, defendant, here are ways to argue that the court shouldn't apply a consecutive sentence. It should imply either a concurrent sentence or a partially concurrent sentence. And just to finish up with that, as this court interpreted 7A.1.3F in the United States v. Ursino-Soteo, it's the defendant's version. Can I finish my thought? You can finish. Thank you. It's the defendant's version to come forward with a reason upon which the district court should exercise its discretion to impose a concurrent sentence, not a district court's obligation to explain why this generally is imposed a consecutive sentence. Thank you, counsel. Thank you. You had four minutes or something, didn't you? Four minutes and a second. Four minutes and a second. OK. I really just want to make one point about this specific guideline controlling over the general thing. That's not this situation here. The application that I mean with the factors in it says it applies to 5G 1.3B across the board. Those factors have to be considered in any 5G 1.3B case. The guideline that the government is pointing to does have a recommendation even under the guidelines. It's a recommendation of a consecutive sentence in this situation. But it's only a recommendation. And by providing these factors for courts to consider in every 5G 1.3 case, the commission's acknowledging that in every case that's not going to be the appropriate sentence. And if you look at the factors themselves, they strongly point towards at least a partially concurrent sentence here. So I think this recommendation that the government points to really does more to third prong than anything else. The court had to consider the factors in the earlier application, though. The recommendation is certainly relevant in third prong, but it's not enough to overcome the reasonable probability that the judge may have imposed at least a partially concurrent sentence because the factors pointed towards that, namely, the delay for the sentence and how long it lasts. Did you agree that this is a policy statement rather than a guideline? I would have to look. It wouldn't surprise me if it is, but I don't know the answer to that for sure. I don't think it matters because this court has said in Ehrlich and in Moyer that a district court has to consider these factors. And not considering the factors is a form of procedural reasonableness. I know that the Chapter 7 policy statements, the ones that are kind of sticking, a lot of them have some overlap there. That entire chapter is policy statements. Again, like I said, I don't want to just guess. And I don't know exactly what the answer is. But again, I don't think it matters one way or another because there's two published decisions from this court saying you have to consider these factors if 5G 1.3D applies. And that's the question. Thank you. Case is submitted.